UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

L. LEE WHITNUM,

    Plaintiff,

        vs.                                    No. 3:15-cv-959(SRU)

JANE EMONS, MARY LOUISE
SCHOFIELD, JOHN WHALEN,
CONNECTICUT STATE COMMISSION ON
AGING, and FAMILY RELATIONS STAFF,

    Defendants.
_____X

## MEMORANDUM OF DECISION AND ORDER

    Plaintiff Lee Whitnum brings this civil rights action *pro se*. She alleges that the defendants violated her right to privacy and her right to due process in connection with a state family court divorce proceeding and currently pending state court criminal matters. She seeks damages and injunctive relief. Whitnum has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Doc. #2].

    Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon her economic status. 28 U.S.C. § 1915. Whitnum qualifies to proceed *in forma pauperis*. [Doc. # 8].

    Second, the court must determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. § 1915(e)(2)(B). The court "*shall dismiss* the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

1

from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court, by using this term as required, does not intend to diminish what the Whitnum has experienced or its impact upon her; the court is simply applying the law to the claims alleged.

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000). Even when Whitnum's complaint is construed in the most liberal fashion, it does not have an arguable basis in law and so must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Whitnum's claims are brought under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 creates a federal cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or the laws of the United States. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). In order to state a claim for relief under Section 1983, the complaint must set forth facts demonstrating (1) that the defendants acted under color of state law, and (2) that the plaintiff was thereby deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

### A. Claims against Judge Jane Emons

Whitnum has sued Connecticut Superior Court Judge Jane Emons in both her official and individual capacities. In her request for relief, Whitnum seeks to have Judge Emons dismissed as a state court judge. With respect to the official capacity claim, Whitnum alleges that Judge Emons violated Whitnum's free speech and due process rights in the course of Whitnum's divorce proceedings, over which Judge Emons presided. Absolute immunity is enjoyed by judges for all acts that are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-28 (1988). Absolute immunity applies to a judge in both her official and individual capacity. *See Parmlee v. Conn. Dep't of Revenue Servs.*, No. 3:98-CV-2021 (AHN), 1999 WL 305476, at *3 (D. Conn. Apr. 13, 1999). Further, absolute immunity applies despite Whitnum's allegations of conspiracy or bad faith. *See Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987). Thus, to the extent Whitnum's claims pertain to actions Judge Emons took with respect to, or in relation with, the divorce proceedings, those claims must be dismissed because they are barred by absolute immunity.

Whitnum is also suing Judge Emons in her individual capacity for allegedly participating in a criminal conspiracy to have Whitnum arrested. Whitnum alleges that Judge Emons falsely told police that Whitnum was stalking her. With respect to this claim, Whitnum is suing Judge Emons as a citizen who was "not in performance of her duties as a judge and she had already stepped down from being the divorce judge." Compl. ¶ 51 (emphasis omitted). Thus, judicial immunity does not bar the conspiracy claim. Nevertheless, the criminal conspiracy allegations fail to state a claim under Section 1983 because there are no facts alleged to suggest that Judge Emons was acting under color of state law when she contacted the police. To act under color of law for purposes of Section 1983, "the defendant must have exercised power possessed by virtue

3

of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks omitted) (citation omitted). Actions of state actors taken in the realm of their "personal pursuits" are not taken under color of law. *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994). When allegations pertain to actions not taken under color of state law, "they may not form the basis of a claim under § 1983." *Carlos v. Santos*, 123 F.3d 61, 66 (2d Cir. 1997). Here, Whitnum has alleged that Judge Emons was acting "as a private citizen," and "was not performing her job as a judge" when the event that was the impetus for this claim occurred. As such, the prima facie elements of a Section 1983 cause of action are not met with respect to the claims against Judge Emons in her individual capacity. All claims against Judge Emons are dismissed.

### B. Claims against Mary Louise Schofield

Whitnum has alleged that Connecticut Superior Court Judge Mary Louise Schofield violated Whitnum's due process rights in connection with the divorce proceedings. Absolute judicial immunity bars those claims against Judge Schofield both officially and individually because she was acting in her judicial capacity. *See Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 558 (S.D.N.Y. 2007), *aff'd,* 311 F. App'x 474 (2d Cir. 2009) (judges acting in their judicial capacities are entitled to absolute judicial immunity, including from individual capacity suits). The claims against Judge Schofield are dismissed.

### C. Claims against the Family Relations Staff

Whitnum is also suing several members of the Family Relations Office for violating her right to privacy. Any claims against those staff members would be barred by judicial immunity. The Family Relations Office is a part of the Judicial Branch's Court Support Services Division. *See* http://www.jud.ct.gov/faq/family.htm#20. Judicial immunity extends to bar those claims.

"The concern for the integrity of the judicial process underlying the absolute immunity of judges also is reflected in the extension of absolute immunity to certain others who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (internal quotation marks omitted). Courts follow a "functional approach" to determine whether a person is covered by judicial immunity; such an approach looks at the nature of the individual's responsibilities. *Id.* Here, the Family Relations office, as part of the judicial branch, performs functions closely related to the judicial process. For example, Whitnum alleges that she sought out the office's services for court-ordered reconciliation. Therefore, when performing quasi-judicial functions, the Family Relations staff is immune from suit. *See Olivia*, 839 F.2d at 39 (holding that law clerk was immune from suit); *Azubuko v. Judges of U.S. Court of Appeals--for the First Circuit*, No. 08-cv-1264 DLI LB, 2008 WL 1990829, at *1 (E.D.N.Y. May 2, 2008) (holding that certain judicial employees, such as court clerk, are immune from suit); *Skipp v. Conn. Judicial Branch*, No. 3:14-cv-00141 (JAM), 2015 WL 1401989, at *8 (D. Conn. Mar. 26, 2015) (holding that guardian *ad litem* who had been court-appointed was absolutely immune). Whitnum's claims against defendants Matthew Haine, Angela Hanley, and Dorye Jackson are dismissed.

### D. Claims against the Connecticut State Department on Aging

Section 1983 imposes liability against every "person" who, acting under color of state law, violates another person's federally protected rights. Neither state agencies, nor state officials acting in their official capacities, are "persons" under section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Here, Whitnum sues the Connecticut State

Department on Aging and several of its employees in their official capacities.[1] Those claims are dismissed because these entities are not "persons" capable of being sued under Section 1983.

### E. Claims against John Whalen

Whitnum has sued Assistant State's Attorney John Whalen in his personal and professional capacity. She alleges that he has, through the handling of a criminal case currently pending against her, denied her due process and violated her right to a speedy trial. Those claims are barred by prosecutorial immunity.

The doctrine of absolute prosecutorial immunity applies to civil rights suits brought under Section 1983. *See Imbler v. Pachtman,* 424 U.S. 409 (1976). The Supreme Court has explained the importance of prosecutors being able to operate entirely free from risk of litigation "both in deciding which suits to bring and in conducting them in court." *Id.* at 424. The absolute immunity accorded to prosecutors "encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation." *Barrett v. United States,* 798 F.2d 565, 571-72 (2d Cir. 1986). Whitnum's claims pertain to actions Whalen performed in his role as prosecutor; accordingly, absolute prosecutorial immunity precludes these claims against him in both his official and individual capacities.[2] *See Doe v. City of Bridgeport*, No. CIV. 3:04-cv-1197(WWE) 2006 WL 905361, at *5 (D. Conn. Apr. 5, 2006).

---

[1] Whitnum also sues Department on Aging official Kimberly Massey in her individual capacity. The relief Whitnum seeks is to have Ms. Massey terminated from her job. This court lacks the power to grant such relief. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (federal courts lack power to compel action by state officials). Accordingly, the claim against Ms. Massey in her individual capacity is dismissed.

[2] To the extent Whitnum alleges Whalen is a part of a conspiracy against her, such conduct would still be protected by absolute immunity because the alleged misconduct occurred while Whalen was performing prosecutorial duties. *See Peay v. Ajello*, No. 3:03cv1887 (RNC), 2005 WL 2464653, at *1 (D. Conn. Sept. 28, 2005), *aff'd,* 470 F.3d 65 (2d Cir. 2006) (citing *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1147-49 (2d Cir. 1995)).

To the extent that Whitnum is asking this court to intervene in pending criminal matters in which Attorney Whalen is prosecuting Whitnum, the court should abstain from so doing. Under the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37 (1971), federal courts should generally abstain from interfering with state criminal proceedings. *Younger* abstention applies when three factors are present: (1) there is an ongoing state proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal constitutional claims. *See Schlagler v. Phillips,* 166 F.3d 439, 442 (2d Cir. 1999). If *Younger* applies, "abstention is mandatory." *Id.* at 441.

The test for determining whether *Younger* abstention is required is satisfied here. First, Whitnum has set forth in her complaint that the criminal case was pending at the time she brought the instant action. Second, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). Third, Whitnum can raise her claims in the pending state criminal proceeding. "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Id.* at 394. The complaint does not allege that Whitnum "is barred from raising any of [her] claims in the ongoing state proceedings." *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 633 (D. Conn. 1999). For the foregoing reasons, *Younger* applies to this case.

There are exceptions to *Younger* abstention. A federal court can intervene in a state criminal proceeding when:

> [T]here is a showing of bad faith or harassment by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, or where there exist other

7

> extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.

*Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (internal quotation marks and citations omitted).

Whitnum, as a defendant in a criminal case, may invoke one of these exceptions if she "make[s] sufficient specific factual allegations which support an inference that the particular exception applies and [she does not] rely on general claims of misconduct." *Saunders*, 62 F. Supp. 2d at 634. If the complaint fails to make such allegations, "the district court is not required to conduct a hearing to determine whether the criminal defendant's general claims have merit." *Id.* Here, Whitnum has not pled sufficient facts to qualify for an exception or to warrant a hearing.

Construing the complaint liberally and in Whitnum's favor, it can be read as possibly falling within the bad faith and extraordinary circumstances exceptions to *Younger* abstention. Whitnum has not, however, made an adequate showing to support either claim. With respect to bad faith, Whitnum alleges that Attorney Whalen has an agenda against her. "[B]ad faith will be found and federal intervention into state proceedings will be warranted where the court determines that there is no reasonable expectation of the state defendants obtaining a favorable outcome." *Saunders*, 62 F. Supp. 2d at 635. In fact, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Here, Whitnum has not alleged any facts to indicate that there is no reasonable expectation the defendants will obtain a favorable outcome in the criminal proceeding. Although Whitnum does repeat throughout the complaint that Whalen has an agenda against her, that does not suffice; Whitnum has failed to make

specific factual claims, beyond mere conjecture of what Whalen's motivation may be, adequate to suggest that the criminal prosecution is being undertaken with illegitimate motive or in bad faith.

The complaint also does not satisfy the criteria for the extraordinary circumstances exception to abstention. The compliant asserts that if the trespassing charges were dismissed, Whitnum would be able to see her husband. The court recognizes that Whitnum's desire to see her husband is, for her, an exceptional circumstance; it does not, however, meet the legal definition of extraordinary circumstances, that is, "an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler*, 421 U.S. at 125. Further, that Whitnum must defend against criminal charges is not enough to show extraordinary circumstances leading to irreparable harm. *See Davis*, 851 F.2d at 77 ("The burden of defending a criminal prosecution is, of course, insufficient without more to constitute irreparable harm."). In all, Whitnum has not shown that an exception to *Younger* abstention applies.

## Conclusion

When the court determines the cause of action is frivolous, fails to state a claim on which relief may be granted, or is seeking relief against a defendant who is immune from suit, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth above, the complaint is dismissed. The dismissal is with prejudice with respect to all claims except the claim again Whalen. Whitnum may file an amended complaint within 30 days from the date of this order in order to plead facts sufficient to bring her case against Whalen within an exception to the *Younger* abstention doctrine. In all other respects, an attempt at repleading would be futile.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of August 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge