UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

L. "LEE" WHITNUM,
    Plaintiff,

v.

JANE EMONS, et al.,
    Defendants.

No. 3:15-cv-959 (SRU)

### RULING AND ORDER

Plaintiff L. "Lee" Whitnum brought this civil rights action *pro se*. She alleged that the defendants violated her right to privacy and her right to due process in connection with a state family court divorce proceeding and pending state criminal proceedings. She sought damages and injunctive relief. On August 24, 2015, I dismissed her complaint (doc. # 17), and on September 4, 2015, she filed a motion for reconsideration (doc. # 18). Following Whitnum's motion for reconsideration, she filed a motion for extension of time to file an amended complaint (doc. # 18), a motion to hold oral argument on her motion for reconsideration (doc. # 20), and a motion to take possession of certain documents (doc. # 22). On October 1, 2015, I granted Whitnum's motion for extension of time to file an amended complaint. For the reasons set forth below, I deny the motion for reconsideration, deny the motion to hold oral argument, and grant the motion to take possession of the documents.

### I.    Background

On June 22, 2015, Whitnum filed a complaint against Jane Emons, Mary Louise Schofield, John Walen, the Connecticut State Commission on Aging, and the Family Relations Staff. On that same date, Whitnum filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. After reviewing Whitnum's application to proceed *in forma pauperis*, I

dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the court "shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

I dismissed the claims against Emons because Whitnum failed to state a claim under 42 U.S.C. § 1983 ("Section 1983"). I dismissed the claims against Schofield and the Family Relations office because I held that those claims were barred by absolute judicial immunity. I also dismissed the claims against the Connecticut State Department on Aging because the Department is not a "person" under Section 1983 and thus is not capable of being sued under the statute. Those dismissals were with prejudice because Whitnum provided no indication that she could cure the defects in her complaint by repleading. Finally, I dismissed without prejudice the claims against Whalen under the doctrine of *Younger* abstention, which prohibits federal courts from interfering with state criminal court proceedings absent certain circumstances, none of which were present in this case. I gave Whitnum the opportunity to amend her complaint in order to plead facts sufficient to bring her case against Whalen within an exception to the *Younger* abstention doctrine.

Since my dismissal, Whitnum has filed a motion for reconsideration (doc. # 18), a motion for extension of time to file an amended complaint (doc. # 18), a motion to hold oral argument on her motion for reconsideration (doc. # 20), and a motion to take possession of certain documents (doc. # 22). I granted Whitnum's motion for extension of time to file an amended complaint on October 1, 2015. Thus, the only matters before me are her motion for reconsideration, motion for oral argument, and motion to take control of documents.

## II.     Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.*  The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

The primary function of a motion for reconsideration "is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd sub nom. Lo Sacco v. City of Middletown*, 33 F.3d 50 (2d Cir. 1994).  A court is permitted to reconsider its ruling if such ruling overlooked controlling data or law that, had it been considered, would have altered the court's conclusion.  *Shrader*, 70 F.3d at 257.

## III.     Discussion

Whitnum has failed to meet the high bar that would justify reconsideration of my prior ruling.  She has not identified any controlling decision that I overlooked, any new evidence that would affect my prior ruling, or any clear error or manifest injustice in need of correction. Accordingly, the motion for reconsideration must be denied.

3

Whitnum's motion for reconsideration raises three issues. First, she argues that I failed to properly consider her complaint because I based my ruling on Section 1983 and not Article III, section 1, of the U.S. Constitution. Second, she disputes my interpretation of absolute judicial immunity and the circumstances under which a person can be liable under Section 1983. Finally, she raises factual disputes regarding the allegations that she threatened and/or harassed Emons on the phone and later at Emons' home.

Whitnum has not identified any controlling law that would cause me to reevaluate my prior ruling. Nevertheless, I take the opportunity to explain my prior reasoning in hopes that she will better understand my ruling.

A plaintiff generally may not bring a federal cause of action based solely on a violation of the U.S. Constitution. In an attempt to allow individuals to vindicate their constitutional rights, Congress created a statute that permits such individuals to bring suit in federal court. *See* 42 U.S.C. § 1983. Section 1983 is the mechanism that a plaintiff may use to bring a cause of action in federal court based on a perceived violation of the U.S. Constitution. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989). Under Section 1983, a plaintiff may only bring an action if she can demonstrate that (1) the defendants acted under color of state law, and (2) that the plaintiff was thereby deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Unless a plaintiff can point to another statutory provision or judicial doctrine that permits individuals to bring an action to enforce a constitutional right, a plaintiff who fails to meet the elements of Section 1983 may not bring a constitutional claim in federal court.

The fact that Whitnum did not specifically invoke Section 1983, and instead claims to bring her action pursuant to Article III of the U.S. Constitution, does not exempt her from the

requirements of Section 1983.  My prior ruling sets forth the reasons that Whitnum fails to state a claim under Section 1983, and Whitnum's motion does not cite to any controlling case law that would cause me to reconsider that ruling.

Furthermore, Whitnum's purported additional evidence does not alter my original conclusion.  Though Whitnum goes into great detail regarding her interactions with Emons, those facts do not alter the fact that Emons was acting in her personal capacity when she contacted the police regarding Whitnum's alleged violation of a protective order.  So long as Emons' actions were taken in connection with her "personal pursuits," she cannot be held liable under Section 1983.  *See Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994).  Further, any dispute of fact with regard to Emons' handling of the divorce proceeding does not alter the fact that Emons is entitled to absolute judicial immunity with respect to acts performed in her official capacity as a judge.  *See Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).[1]

Finally, Whitnum argues that I overlooked her attempt to enforce Article III, section 1, of the U.S. Constitution, which provides that Judges "shall hold their Offices during good Behaviour."  U.S. Const. art. III, § 1.  There are two problems with her argument.  First, Emons is a state court judge and Article III of the U.S. Constitution only governs the appointment and removal of federal judges.  *See Whitmore v. Arkansas*, 495 U.S. 149, 176 n.3 (1990) (recognizing Article III only imposes restrictions on federal courts).  Second, even if Whitnum were correct that Emons' actions violated Article III of the Constitution, she has no authority to remove

---

[1] Whitnum misconstrues my prior ruling.  I held that Emons has absolute judicial immunity for any actions taken as part of her judicial function.  I did not hold that Emons is absolutely immune for actions not part of her judicial function.  In her hypothetical, Whitnum posits that my ruling amounts to a holding that Emons could violate the law with impunity.  That is not the case.  If Emons violated the law in her personal activities, she could be prosecuted by the applicable state or federal authorities and would be subject to civil liability.  Regardless, she cannot be held liable under section 1983.  If her actions were part of her judicial function, she will be absolutely immune, and if her actions were taken in her personal capacity, there is no state action and she will not be liable under section 1983.

Emons from the bench; only Congress can do that. *Smith v. Scalia*, 44 F. Supp. 3d 28, 43 (D.D.C. 2014) (collecting cases holding that Congress has the exclusive authority to remove Article III judges).

### IV.     Conclusion

In sum, Whitnum has not presented any evidence or controlling case law that would cause me to reconsider my prior decision, nor has she identified manifest injustice in need of correcting. For the foregoing reasons, Whitnum's motion for reconsideration (doc. # 18) is denied. Whitnum's motion to hold oral argument on the motion for reconsideration (doc. # 20) is also denied because she sets out no facts indicating that oral argument would aid in my evaluation of her motion for reconsideration. Whitnum has thirty days from the date of this order to file an amended complaint against Whalen. Finally, Whitnum's motion to retain documents (doc. # 22) is granted. The clerk shall docket the pertinent documents under seal.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of May 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge