UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

L. "LEE" WHITNUM,
    Plaintiff,

v.

JANE EMONS, et al.,
    Defendants.

No. 3:15-cv-959 (SRU)

## RULING ON PENDING MOTIONS

In August 2015, I dismissed Whitnum's complaint in this case pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Order, Doc. No. 17. She sought reconsideration of the dismissal, which I denied. *See* Order, Doc. No. 23. She then appealed that denial to the Second Circuit in May 2016. *See* Notice of Appeal, Doc. No. 26. The Second Circuit affirmed the decision. *See* Mandate, Doc. No. 37. Thereafter, she filed three additional motions: Motion to Cite an Additional Party (doc. no. 38); Motion to Open (doc. no. 39); and Motion to Transfer/Disqualify/Recuse Judge (doc. no. 40). I denied all three motions. *See* Order, Doc. No. 44. Whitnum once again appealed to the Second Circuit (*see* Notice of Appeal, doc. nos. 56, 57, 58), which affirmed my order. *See* Mandate, Doc. No. 76. While that appeal was pending, Whitnum filed additional motions including two currently pending: Motion to Set Aside Judgment and Reopen Case (doc. no. 70); and Motion to Amend/Correct (doc. no. 74). For the following reasons, Whitnum's motions are **denied**.

First, the two motions are untimely. The Motion to Set Aside Judgment and Reopen Case (doc. no. 70) is best construed as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(2). *See* Mandate, Doc. No. 76. Rule 60(c)(1) provides that a motion must be made "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1).

Whitnum filed the motion in April 2019, almost four years after the final judgment. Thus, it is untimely. In her Motion to Amend/Correct, Whitnum seeks to file an amended complaint. *See* Mot. to Amend, Doc. No. 74. The deadline for filing amended pleadings was September 23, 2015, nearly four years before Whitnum filed her motion. Thus, it is untimely. Accordingly, both motions (doc. nos. 70, 74) are **denied**.

Further, the motions are without merit. In her proposed amended complaint, Whitnum seeks to sue John Whalen, a prosecutor for the State of Connecticut, and Judge Jane Emons, a former Superior Court Judge. *See* Am. Compl., Doc. No. 74. Whitnum's claims against Whalen stem from his role as a prosecutor, and, as such, he is entitled to prosecutorial immunity. *Turner v. Boyle*, 116 F. Supp. 3d 58, 79 (D. Conn. 2015) (prosecutors immune from suit when acting within scope of prosecutorial duties). Further, Whitnum claims that Judge Emons violated her Constitutional rights pursuant to 42 U.S.C. § 1983. *See* Am. Compl., Doc. No. 74. Section 1983 claims can only be brought against state actors. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Mitchell v. Connecticut Region 14 Dist. Probate Court*, 2015 WL 4094188, at *4 (D. Conn. July 7, 2015). In her capacity as a state actor, Judge Emons is entitled to judicial immunity. *Huminski v. Corsones*, 396 F.3d 53, 74-75 (2d Cir. 2005); *Mitchell*, 2015 WL 4094188, at *3. Therefore, both Whalen and Judge Emons are immune from suit. Further, with respect to the claims against Judge Emons as a citizen, the alleged discovery of new evidence does not call into question the correctness of the prior judgment. Accordingly, Whitnum's motions (doc. nos. 70, 74) are **denied**.

So ordered. Dated at Bridgeport, Connecticut, this 24th day of May 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge